UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RAIMONDO,

        Plaintiff,

vs.

        Case No. 10-CV-15107
        HON. GEORGE CARAM STEEH

DENISE PAGE HOOD, *et al.*,

        Defendants.

_____/

ORDER DENYING MOTION FOR MANDATORY INJUNCTION AGAINST CAPAC STATE BANK PENDING APPEAL [#9]

On January 12, 2011, this court dismissed pro se plaintiff, Joseph Raimondo's, seven count complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the allegations in his complaint are frivolous and devoid of any merit. See Apple v. Glenn, 183 F. 3d 477, 479 (6th Cir. 1999). The gist of plaintiff's complaint concerns his dissatisfaction with the Honorable Denise Page Hood's rulings in five cases previously filed by plaintiff. See case nos. 01-cv-71353, 02-cv-71696, 03-cv-71972, 03-cv-72991, 04-cv-74287.[1]

The underlying causes of action dismissed by the Honorable Denise Page Hood concerned plaintiff's allegations against various named defendants, including the Village

---

[1] This is the second complaint filed by plaintiff containing similar incoherent and unsubstantiated allegations concerning plaintiff's dissatisfaction with the rulings of the Honorable Denise Page Hood. See Raimondo v. United States District Court Judge Denise Page Hood, case number 06-cv-15007 (Hon. John Corbett O'Meara).

of Armada, asserting that defendants conspired, as early as April of 1998, to deprive him of his property by conducting a raid on his property pursuant to a search warrant, seizing titles to vehicles that were not titled in the State of Michigan and foreclosing upon, and selling his property located at 74555 Fulton.[2]

Plaintiff filed a notice of appeal on May 16, 2011 after this court denied his motion for reconsideration. Plaintiff now moves for an emergency mandatory injunction against Capac State Bank until his pending appeal is processed. The court construes plaintiff's present motion as a motion to stay final judgment pending appeal to the Sixth Circuit Court of Appeals. Plaintiff maintains that Capac State Bank should be enjoined from proceeding with a sale of the 74555 Fulton property until the appellate process is complete, and that this court should order Capac State Bank to repair all broken windows and "weatherize" his home.

First, it appears that plaintiff has not had any ownership interest in the 74555 Fulton property since July of 2001. See Plf.'s Ex. A, p. 32-40. It bears noting that plaintiff's

---

[2] The court notes that plaintiff appealed the judgments in three of the cases dismissed by the Honorable Denise Page Hood ( nos. 01-cv-71353, 02-cv-71696 and 03-cv-72991), raising the same allegations of judicial bias raised in the present complaint, and the Sixth Circuit Court of Appeals rejected these arguments. See Raimondo v. Delecke Welding, No. 06-1579 (6th Cir. July 26, 2007) ("[T]he Raimondos claim of judicial bias . . . is patently meritless. . . .It appears that the Raimondos are simply unhappy with the district court's dismissal of the action. The district court's dismissal, however did not evidence the degree of favoritism or antagonism required to support a bias claim . . . the claim of bias lacks merit."); see also, Raimondo v. Village of Armada, Nos. 03-2465/04-2352 (6th Cir. Oct. 26, 2005) ("[T]he district court provided a fair, well-reasoned explanation as to why the Raimondos' claims were properly dismissed on summary judgment."); Raimondo v. State of Michigan, No. 05-2413 (6th Cir. Oct. 31, 2006) ("The magistrate judge's and district judge's opinions and orders were made on the basis of facts set forth by the parties and do not show favoritism or antagonism towards Raimondo. In fact, the district court liberally construed Raimondo's complaint at every juncture of the proceedings.")

complaint in case number 03-cv-71972 asserted that the property at 74555 Fulton had been foreclosed upon and purchased by some of the named defendants in that action in June of 2002. Further, the instant action was dismissed as devoid of any merit, and any order entered by this court to enjoin Capac State Bank from taking action would function as a restraining order. Typically a stay is entered in order to preserve the status quo. See Reed v. Rhodes, 472 F. Supp. 603, 605 (W.D. Mich. 1979). Denial of plaintiff's present motion will preserve the status quo.

Lastly, plaintiff is not entitled to a stay under Rule 62 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 62. Rule 62(a) concerns automatic stays except for injunctions, receiverships and patent accountings. See Fed. R. Civ. P. 62(a). Rule 62(b) applies when there is a pending motion under Rules 50, 52(b), 59 and 60 of the Federal Rules of Civil Procedure, none of which are presently pending before this court. See Fed. R. Civ. P. 62(b). Rule 62(c) concerns entry of stays while an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction. See Fed. R. Civ. P. 62(c). Plaintiff cannot obtain a stay under Rule 62(d) as this entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right. See Arban v. West Publ'g Corp., 345 F. 3d 390, 409 (6th Cir. 2003). Plaintiff's motion for emergency mandatory injunction against Capac State Bank is denied.

As described above, plaintiff has filed numerous cases in this court based upon events beginning in April of 1998. See case nos. 01-cv-71353, 02-cv-71696, 03-cv-71972, 03-cv-72991, 04-cv-74287. Dissatisfied with the results of these actions, and the subsequent decisions by the Sixth Circuit Court of Appeals affirming the dismissal of plaintiff's complaints, plaintiff has now filed two actions raising claims that are

unsubstantiated, conclusory and wholly lacking any basis in fact against the judicial officer presiding over those actions. This court must protect its jurisdiction from vexatious litigants abusing the judicial process. See In re Martin-Trigona, 737 F. 2d 1254, 1261 (2d Cir. 1984). The Sixth Circuit Court of Appeals has specifically approved a district court's power to limit the filing of lawsuits by vexatious litigants. See Filipas v. Lemans, 835 F. 2d 1145 (6th Cir. 1987). In Filipas, the court upheld a district court's order requiring the plaintiffs to receive leave of court prior to filing any lawsuits. Id. at 1146. Plaintiff is forewarned that future vexatious filings will result in similar limitations imposed by this court.

Accordingly,

Plaintiff's motion for emergency mandatory injunction against Capac State Bank [#9] is DENIED.

Plaintiff's motion to compel the court to sign TRO [#10] is DENIED.

SO ORDERED.

Dated: February 14, 2012

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 14, 2012, by electronic and/or ordinary mail and also to Joseph Raimondo at P.O. Box 330, Armada, MI 48005.

s/Josephine Chaffee
Deputy Clerk