**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 11-1657

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOSEPH RAIMONDO, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | **Feb 21, 2012** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| DENISE PAGE HOOD, et al., | ) | |
| Defendants-Appellees, | ) | |

O R D E R

Before: BOGGS, GILMAN, and GRIFFIN, Circuit Judges.

Joseph Raimondo, a Michigan resident proceeding pro se, appeals a district court order denying reconsideration of an order dismissing his complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Relying on no particular statute or case law, but referring, generally, to the United States Constitution, Raimondo sued United States District Court Judge Denise Page Hood, the United States, the National Congressional Black Caucus, the NAACP, and over seventy additional defendants, challenging adverse decisions by the district court and by this court regarding his previous federal lawsuits. Raimondo complained that he had been a victim of discrimination as a white person because some of the federal judges were African-American, that the judges who

presided in his cases were biased because they were members of the Democratic Party, and that he has been wronged by the state court's decision regarding foreclosure of his business property located in Armada, Michigan.

Raimondo has filed at least six federal cases arising out of the dispute concerning his property in Michigan. In the case now before this court for review, the district court, once again, determined that Raimondo's complaint simply expressed his dissatisfaction with the district court's previous rulings and was "totally implausible, and devoid of any merit." The court then dismissed the case under Federal Rule of Civil Procedure 12(b)(1), and denied Raimondo's motion for reconsideration of that decision.

On appeal, Raimondo repeats the statements made in his complaint and in his motion for reconsideration, and he challenges the district court's reliance on *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), to dismiss his case. He also challenges this court's reliance on *Liteky v. United States*, 510 U.S. 540 (1994), when this court issued its decision relating to his appeal in Sixth Circuit Case No. 05-2413.

The district court properly dismissed the complaint under Federal Rule of Civil Procedure 12(b)(1). We review de novo a district court's decision to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir. 2004). Generally, a district court may not dismiss a complaint, sua sponte, before giving a plaintiff the opportunity to amend the complaint after the plaintiff has paid the filing fee. *See Apple*, 183 F.3d at 479. Nevertheless, Raimondo's complaint fits within the "small exception" to the requirements set forth in *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983), because his allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion." *See Apple*, 183 F.3d at 479.

To the extent Raimondo challenges the constitutional aspects of the process that led to a foreclosure of his business property, the matter has been thoroughly considered and resolved in the federal courts within this circuit. Therefore, the issues related to that claim are no longer open to discussion. Moreover, Raimondo presents no evidence to support his bare allegation that the judges

No. 11-1657
- 3 -

who have presided over his cases have been biased because of his race or his political views. Lastly, he presents no case law supporting his argument that the holding in *Apple v. Glenn* is no longer valid.

    Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

                            ENTERED BY ORDER OF THE COURT

                                          Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Leonard Green
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: February 21, 2012

Mr. Joseph Raimondo
23443 Prospect
P.O. Box 330
Armada, MI 48005-0000

Re: Case No. 11-1657, *Joseph Raimondo v. Denise Hood, et al*
Originating Case No. : 10-15107

Dear Sir,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Louise Schwarber
Case Manager
Direct Dial No. 513-564-7015

cc: Mr. David J. Weaver

Enclosure

Mandate to issue